IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
SETH HARRIS, Acting Secretary of Labor,   :
U.S. Department of Labor[1]                :   3:12 CV 490 (JBA)
:
:
v.                                         :
:
S.D. TRANSPORTATION SERVICES, LLC          :   DATE: JUNE 21, 2013
& STEPHEN DIMARCO                          :
:
------------------------------------------------------x

RULING ON PENDING DISCOVERY MOTIONS

Familiarity is presumed with this Magistrate Judge's lengthy electronic endorsement, filed February 21, 2013 (Dkt. #26)["February 2013 Endorsement"], which granted plaintiff's Motion to Compel (Dkt. #18), further ordered plaintiff to "provide whatever assistance is reasonably appropriate in producing and copying [defendant's employment] records[,]" and also denied plaintiff's Motion for Sanctions (Dkt. #18), "without prejudice to renew, if appropriate." (emphasis omitted). Under the Amended Scheduling Order, filed January 17, 2013 (Dkt. #23), filed by U.S. District Judge Janet Bond Arterton, all discovery was to be completed by May 28, 2013 and all dispositive motions are to be filed by July 15, 2013.

The two pending motions spring from the failure of the parties to complete the directives of the February 2013 Endorsement. On April 23, 2013, plaintiff filed his Motion to Compel Discovery and his Motion for Continuance of Pretrial Deadlines, and brief in support (Dkt. #27),[2] as to which defendants filed their Objection and Motion for Protective Order and

---

[1]Harris has been substituted for Secretary of Labor Hilda L. Solis, who has resigned. (Dkt. #27, at 1, n.1).

[2]Attached as Exh. A is the affidavit of Attorney Scott Miller, sworn to April 23, 2013 ["Miller Aff't"], with the following nine subexhibits: copies of e-mails between counsel, dated February 22 and 27, 2013 (Exh. A-1); copy of e-mail between counsel, dated March 8, 2013 (Exh. A-2); copies

Sanctions on May 14, 2013.  (Dkts. ##28-29).  Ten days later, on May 24, 2013, plaintiff filed his brief in reply to his own motion and in opposition to defendants' motion.  (Dkts. ##31-32).

The dispute here regards simply the <u>logistics</u> of how the copying will be done, an issue about which two mature professionals ought to be able to agree without imposing themselves upon a federal judicial officer.[3]  Plaintiff has agreed that its document management contractor, Deloitte & Touche ["D&T"], will copy the documents at the government's expense, which documents are contained in as many as five hundred boxes; plaintiff first proposed that his representatives have "reasonable access" to the boxes so that they can determine "an appropriate sample[]" to be taken to D&T's office where it has "staff and high speed machines."  (Dkt. #27, at 2; Dkt. #27, Brief at 2-4; Miller Aff't ¶¶ 2-4 & Exh. A-1).  Although defendants initially considered delivering the documents to "an off-site location[,]" defendants instead offered to take the records available to plaintiff for inspection only, plaintiff would then make the documents to be copied, and defendants thereafter would arrange for copying work to be done, for which plaintiff would reimburse defendants for their "reasonable expenses."  (Dkt. #27, at 2; Dkt. #27, Brief at 4; Miller Aff't ¶¶ 3-5 & Exhs. A-2 & A-3; Dkts. ##28-29, at 1, 3).  Plaintiff's counsel then responded that due to budgetary reasons, D&T is its only authorized "document management contractor," to which defense

---

of e-mail between counsel, dated March 8 and 12, 2013 (Exh. A-3); copies of e-mail between counsel, dated March 12, 2013 (Exh. A-4); copies of e-mail between counsel, dated March 18 and 19, 2013 (Exh. A-5); copy of e-mail between counsel, dated March 20, 2013 (Exh. A-6); two photographs of storage locker (Exh. A-7); copy of e-mail between counsel, dated March 25, 2013, with attached Memorandum, dated March 25, 2013 (Exh. A-8); and copies of e-mail between counsel, dated March 26 and 28, 2013 and three photographs of the storage locker (Exh. A-9).

[3]Of the more than twenty-eight years in which this Magistrate Judge has had the distinct privilege of serving as a federal judicial officer, this certainly ranks among the pettiest discovery issues on which she has had to rule.

counsel responded that defendants would not relinquish control of the documents. (Dkt. #27, Brief at 4-5; Miller Aff't ¶¶ 6-7 & Exh. A-4).

Plaintiff's counsel thereafter offered as an alternative that defendants could bring the boxes to a storage locker in Berlin, Connecticut (where defendants are located), and that they would bring portable copying machines to that facility, as long as D&T had adequate space for light, tables and chairs, electrical outlets, and space for two copying machines; when plaintiff's attorney and representative, as well as employees of D&T arrived at this facility, they discovered between two hundred fifty and five hundred boxes, stacked as high as eight to ten feet, in a metal storage locker approximately ten feet by ten feet, with precious little unoccupied space in which to inspect the boxes and fit staff and copying machines, and inadequate lighting, electrical capacity, and HVAC. (Dkt. #27, Brief at 5-7; Miller Aff't ¶¶ 8-11 & Exhs. A-5, A-6, A-7). Plaintiff's counsel estimates that there are approximately, 800,000 to 1,125,000 pages at this facility. (Dkt. #27, Brief at 7, n.7; Miller Aff't ¶ 12). Defendants contend that despite plaintiff's complaints, his representatives were still able to inspect and copy payroll records (Dkts. ##28-29, at 3), which plaintiff disputes. (Dkts. ##31-32, at 2-3). Defendants still object to having these documents copied at D&T's offices. (Dkt. #27, Brief at 7; Miller Aff't ¶¶ 13-14 & Exhs. A-8, A-9). Defendants further seek a protective order "to prevent further harassment from plaintiff about access to the responsive payroll records." (Dkts. ##28-29, at 4). Defendants do not object to the continuance of the pretrial deadlines. (Dkts. ##28-29, at 1, n.1). Plaintiff has described defendant's cross-motion as "irrational[,]" in that plaintiff "specifically . . . seeks to copy [d]efendants' records." (Dkts. ##31-32, at 3)(footnote omitted).

In his motion, plaintiff seeks a court order compelling defendants to "relinquish

custody of the documents, temporarily, to allow the documents to be copied at [D&T's] offices" and to "otherwise cooperate" with plaintiff to accommodate the legitimate logistical needs of the copying work[,]" as well as a four-month extension of all pretrial deadlines. (Dkt. #27, at 2; Dkt. #27, Brief at 9-10). Counsel have squandered four months from late February (when the February 2013 Endorsement was filed) until the present, accomplishing nothing other than having some two hundred fifty to five hundred boxes of documents dumped haphazardly from defendants' office to a storage facility in Berlin. Insofar as defendants already "relinquish[ed] custody" of these documents in late March, there is no further prejudice to them by simply having the boxes transported, either en mass or a few at a time, to D&T's office, so that they can be copied, at plaintiff's expense, in a reasonable and orderly fashion, which, in the long run, benefits defendants as well. Insofar as D&T is an internationally respected accounting firm, it can be trusted to prepare a detailed inventory of boxes (and contents), so that defendants can be satisfied that none of the boxes or documents will mysteriously disappear during this process.[4]

Accordingly, for the reasons stated above, plaintiff's Motion for Compel Discovery (Dkt. #27) is <u>granted in full</u>, so that defendants shall relinquish custody of the documents, temporarily, to allow the documents to be copied at D&T's offices and shall otherwise cooperate with plaintiff to accommodate the legitimate logistical needs of the copying work, **on or before July 19, 2013**; plaintiff's Motion for Continuance of Pretrial Deadlines (Dkt. #27) is <u>granted</u> absent objection, so that all discovery shall be completed **on or before**

---

[4]Under normal circumstances, the Magistrate Judge would assume that counsel would be able to resolve between themselves issues regarding the transportation of these boxes, but this is hardly a normal situation.

**Unless counsel agree otherwise,** plaintiff shall transport the boxes (on its own or through D&T) to D&T's office.

**October 31, 2013**, and all dispositive motions shall be filed **on or before December 13, 2013** (after a pre-filing conference has been held before Judge Arterton); and defendants' Motion for Protective Order and Sanctions (Dkt. #29) is <u>denied</u>.[5]

Dated at New Haven, Connecticut, this 21st day of June, 2013.

     /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[5] Plaintiff's counsel has represented that the parties held a settlement conference in late March 2013, and although they "made significant progress towards a resolution[,] . . . the parties were unable to reach an agreement at the meeting." (Dkt. #27, Brief at 7, n. 8). If either counsel believes that a settlement conference before this Magistrate Judge would be productive, he should contact Chambers accordingly.